IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR AMERIQUEST MORTGAGE SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R10,** | § § § § § § | |
| **Plaintiff,** | § § | **Civil Action No. 4:19-cv-00825** |
| v. | § § § | |
| **SAIHAT CORPORATION AND FAIRMONT PARK EAST HOMEOWNERS' ASSOCIATION,** | § § § § § | |
| **Defendants.** | § | |

### PLAINTIFF'S REPLY TO DEFENDANT'S SUPPLEMENTAL RESPONSE

Plaintiff Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2004-R10 ("Deutsche Bank" or "Plaintiff"), files this, its *Reply to Defendant's Supplemental Response to Plaintiff's Motion for Summary Judgment*, and respectfully moves the Court to grant Partial Summary Judgment pursuant to Federal Rule of Civil Procedure 56 as to Defendant Saihat Corporation ("Defendant" or "Saihat," together with Plaintiff, the "Parties") and requests entry of a declaratory judgment to quiet title as to the Parties and their property interests, as well as an order for foreclosure, and respectfully shows the Court as follows:

### I.   SUMMARY

1. Plaintiff filed its Motion for Summary Judgment on February 3, 2020, seeking summary judgment relief allowing it to enforce its security instrument against real property held

by Defendant Saihat Corporation ("Defendant") and proceed with foreclosure pursuant to the terms of the security instrument and the Texas Property Code. (ECF No. 40.)

2. On February 24, 2020, Defendant filed its Response to Plaintiff's Motion for Summary Judgment ("Response"). (ECF No. 42.) Defendant's essential argument is to try to create a fact issue is to argue that Defendant foreclosed on a senior assessment lien, wiping out Deutsche Bank's interest in the Property. (*See id.*, generally.) Defendant argues that Deutsche Bank cannot proceed with foreclosure because the HOA declaration for the Property provide that Deutsche Bank's lien could not subordinate any assessment lien on the Property. (*See id.*, pgs. 8-10.) Defendant further alleges that, to the extent Deutsche Bank does have a valid lien, that lien is capped in the amount of the loan proceeds used to refinance and pay off the prior existing lien. (*See id.*)

3. On March 6, 2020, Deutsche Bank filed its Reply in Support of the Motion for Summary Judgment ("Reply"). (ECF No. 43.) In the Reply, Deutsche Bank points out that Defendant's interpretation of the HOA declaration is untenable with the purpose of subordination clauses in declarations and cannot be read in the manner in which Defendant desires to have it read. (*See id.* at pgs. 4-8.) In addition, Deutsche Bank argues that its lien is contractually subrogated to much more than the amount forwarded to satisfy the prior lien, and Deutsche Bank's lien is still valid due to the HOA's failure to include Deutsche Bank as a party to its foreclosure suit. Accordingly, Deutsche Bank asserts that Defendant's evidence is ineffective to create a fact issue as to the seniority of Deutsche Bank's lien.

4. On March 17, 2020, without seeking leave, Defendant filed its Surreply to Plaintiff's Reply ("Surreply"). (ECF No. 44.) In the Surreply, Defendant reasserts its argument regarding the restrictions to subordination for mortgage liens, citing to marginally relevant cases

to support its argument. (*See id.* at 2-4.) Defendant also asserts that Deutsche Bank misinterpreted a Texas Supreme Court case which was cited by Deutsche Bank once in its Reply and is not relied upon heavily in its Reply.

5. On March 20, 2020, the Court ordered the Parties to negotiate in good faith prior to taking Plaintiff's Motion for Summary Judgment under advisement. (ECF No. 45.) The Parties mediated this matter and sought an extension of the mediation deadline as Defendant requested more time to obtain documents that would facilitate a settlement. (ECF Nos. 46-49.) However, Defendant did not continue negotiation efforts and filed a Supplemental Response to Plaintiff's Motion for Summary Judgment on July 12, 2020 ("Supplemental Surreply"). (ECF No. 50.)

6. In the Supplemental Surreply, Defendant requests that Plaintiff's relief be denied because (1) Texas law does not require an HOA to provide notice to a lienholder before filing suit by relying on Texas Property Code § 209.010; (2) Texas law does not require that a lienholder be named as a party to an HOA foreclosure lawsuit; (3) Plaintiff miscites the Inwood Case; (4) Plaintiff failed to timely redeem the Property; (5) Plaintiff should not be subrogated the entire amount of the loan; and (6) the HOA sale as to Plaintiff is not void; and (7) the subject Declaration is not ambiguous.

7. As will be explained in more detail, Plaintiff has already established that it is entitled to judgment as a matter of law. Plaintiff has presented authority and competent summary judgment evidence to prove its claims. Defendant's recitations of irrelevant authority and misstatement of Plaintiff's assertions do not challenge any of Plaintiff's claims.

## II.    ARGUMENTS AND AUTHORITIES

**OBJECTION TO DEFENDANT'S SURREPLIES AND ANY OTHER RESPONSE**

1.  The Local Rules for the Southern District of Texas do not provide that surreplies may be filed as of right by a litigant to a case in this district.

2.  In spite of the prohibition against subsequent pleadings and briefs, Defendant filed what it deemed to be a response to Plaintiff's Reply on March 17, 2020. (ECF No. 44.) Defendant subsequently filed the Supplemental Surreply. (ECF No. 50.)  However, a cursory review of the supplemental pleading clearly shows that Defendant's Reply and Supplemental Surreply are surreplies to the arguments asserted by Plaintiff in its Reply. Defendant wrongfully filed its surreplies without seeking leave of the Court to do so.  For this reason alone, said surreplies should be stricken for failure to seek leave.

3.  Furthermore, Defendant's surreplies should be stricken, as they do not provide any substantial value to further Defendant's position. Defendant raises arguments that have already been addressed in Plaintiffs Reply in Support of Motion for Summary Judgment. (ECF No. 43.) Specifically, Plaintiff addressed the issue of lien priority, subrogation, and HOA's failure to provide notice to Plaintiff. (ECF No. 43, pp. 3-12.) Yet, Defendant is continuing to waste the Court's resources and time by advancing arguments related to the referenced issues. (*See* ECF No. 44, lien priority discussed on pp. 2-6; ECF No. 55, HOA's failure to provide notice discussed on pp. 2-9 and 10-12, subrogation discussed on pp. 9-10.) More importantly, the Court has entered a judgment regarding the HOA's foreclosure sale. (ECF No. 11.) Defendant additionally misstates Plaintiff's arguments by claiming that Plaintiff asserted the subject foreclosure sale was void as to Plaintiff, and the subject Declaration is ambiguous when Plaintiff asserted otherwise. (*See* ECF No. 43, pp. 10-12; *see also* ECF No. 50, p. 12; *see also* ECF No.

43, pp. 5-8.) Such arguments, further addressed below, do not warrant consideration by the Court but rather warrant their removal from the record.

4. Plaintiff further objects to any subsequent responses by Defendant, as such a response would be subject to Plaintiff's objection to the surreplies.

### TEXAS PROPERTY CODE § 209.006 IS INAPPLICABLE

5. In its Supplemental Surreply, Defendant relies on Texas Property Code § 209.006 to assert that Texas law does not require notice to a lienholder prior to filing an HOA lawsuit, and that Texas law does not require a lienholder to be named as a party to a foreclosure suit filed by an HOA. (ECF No. 40, pp. 2-4.)

6. Contrary to Defendant's contention, Section 209.006 does not apply to foreclosures initiated by an HOA as the section specifically states:

> (a) Before a property owners' association may suspend an owner's right to use a common area, file a suit against an owner *other than a suit to collect a regular or special assessment or foreclose under an association's lien*, charge an owner for property damage, or ………..the association or its agent must give written notice to the owner by certified mail.

Tex. Prop. Code §209.006 (emphasis added). This section does not require notice to the lienholder because this section specifically excludes suits related to collection of an assessment or foreclosure under an association lien, which is the subject of this dispute. Therefore, Defendant's application of this section is false and misleading.

7. Furthermore, Plaintiff has already provided uncontroverted authority to establish that Defendant took the Property subject to Plaintiff's lien due to HOA's failure to give notice the court, and the Court has entered judgment in Plaintiff's. (ECF No. 43, pp. 10-11; ECF No. 11.)

**PLAINTIFF'S LIEN SURVIVES THE HOA FORECLOSURE SALE**

8.      Defendant raises several unrelated and misleading assertions to show that Texas law does not require that a lienholder be named a party to an HOA foreclosure suit. (ECF 50, pp. 2-4.)

9.      Firstly, the Court has already held that the HOA foreclosure sale is not binding on Plaintiff. (ECF No. 11.) For that reason alone, any argument attempting to challenge the affect of the HOA foreclosure sale on Plaintiff's lien should be stricken.

10.     Secondly, as previously established by Plaintiff, authority is clear that even if a lienholder's lien is junior to an HOA's assessment lien, the HOA foreclosure does not extinguish the junior lien when a lienholder is not a party to the foreclosure action. (*See* ECF No. 43 ¶¶ 17-18 (citing *Herbert v. Denman*, 44 S.W.2d 441, 443 (Tex. App.—Texarkana 1931, writ ref'd)) (mortgage lien survived HOA foreclosure lawsuit because mortgagee as not joined in suit) amongst other cited authority)); *See also Kirkwood v. Jefferson Cty.*, No. 09-15-00296-CV, 2016 Tex. App. LEXIS 1450, 2016 WL 536852, at *2 (Tex. App.—Beaumont Feb. 11, 2016, no pet.) (mem. op.) (a lack of notice to a lienholder constitutes a due process violations).

11.     Secondly, Plaintiff has not claimed that Texas law states that a lienholder must be named as a party to an HOA foreclosure suit; Plaintiff asserts that if a lienholder is not made a party to an HOA foreclosure suit, the foreclosure sale is not binding on that lienholder and the lienholder's lien survives the sale. (*See* ECF No. 12, pp. 5-6; ECF No. 43, p. 10.) Plaintiff's authority remains uncontroverted by Defendant.

12.     Thirdly, Defendant for the first time raises the argument that Plaintiff has failed to provide any evidence of the HOA foreclosure suit to prove that it was ever filed or that a judgment was obtained. (ECF No. 50, p. 2.) Not only has Plaintiff cited to the HOA foreclosure

lawsuit in state court, but more importantly, Defendant also admitted to those allegations. (*See* ECF No. 12, ¶¶ 18-19; ECF No. 16, ¶ 1 ("Saihat admits the allegations of Paragraphs….18 and 19)). Furthermore, Defendant relies on said facts in its Supplemental Surreply. (ECF No. 50, ¶¶ 30.) Therefore, not only does Defendant fail to cite any authority to support its objection, it is blatantly contradicting its own admission.

13. Lastly, Defendant cites Texas Rule of Civil Procedure 735 and 736, which is again misleading and irrelevant. Rule 735 provides for liens, including that of an HOA, that must foreclose by obtaining a court order. Tex. R. Civ. P. 735.1 (c). Rule 736 (d) (1) and (d) (B) (iii) provide the contents that a Rule 736 Application must contain. Tex. R. Civ. P. 736.1 (d). Specifically, Rule 736 (d) (B) (iii), cited by Defendant, explains how a "Respondent" should be identified in an application filed by an HOA. *Id.* It is unclear how this misleading recitation of the rules affects the lienholder's lien. As stated above, Plaintiff has already established that the HOA foreclosure sale does not affect its lien and the Court has entered a judgment to that effect. (*See* ECF No. 12, pp. 5-6; ECF No. 43, p. 10; ECF No. 11.)

## INWOOD V. HARRIS DOES NOT AFFECT PLAINTIFF'S LIEN

14. Defendant alleges inapplicability of *Inwood* in its Surreply and its Supplemental Surreply. *See* (ECF No. 44, pp. 4-6; ECF No. 50, p. 4); *Inwood North Homeowners Association v. Harris*, 736 S.W.2d 632 (Tex. 1987). As Plaintiff explained in its Reply, *Inwood* does not hold that HOA assessment liens are inherently created at the moment of the creation of a declaration; *Inwood* holds that a homeowners' association may foreclose on a property owner's property due to a failure to pay assessment charges. *Inwood* 736 S.W.2d 632 (Tex. 1987). Contrary to Defendant's contention that the Court should follow decisions by the Texas Supreme Court rather than a Texas Court of Appeals, Plaintiff never claimed *Inwood* should not be followed;

only that *Inwood* does not hold what Defendant claims and this remains uncontroverted. (*See* ECF No. 50, p. 4.)

### SECTIONS 209.010 AND 209.011 OF THE TEXAS PROPERTY CODE ARE IRRELEVANT

15. Defendant dedicates over three pages of its Supplemental Surreply citing provisions of Texas Property Code § 209.019 to allege that Plaintiff failed to timely redeem the subject Property. (ECF No. 50, pp. 5-8.) Defendant's ultimate argument is that section 209.019 required Plaintiff to provide notice to the HOA that it was the assignee of the Note.

16. Firstly, Plaintiff stated that American Mortgage Servicing, Inc., not Deutsche Bank, was the lienholder of record at the time of the HOA foreclosure sale and that American Mortgage Servicing, Inc. did not receive any notices of the HOA foreclosure sale. (ECF No. 12, ¶ 22.) Plaintiff further cited to assignments recorded in the Real Property Records of Harris County Texas that established American Mortgage Servicing, Inc. was the lienholder of record at the time of the HOA foreclosure. (ECF No. 12, ¶ 16.) These contentions were later supported by the Declaration of Sharon Feeley, attached as Exhibit A to Plaintiff's Motion for Summary Judgment, which also established that Plaintiff is the current mortgagee. (ECF No. 40-1, p. 4, ¶ 7.)

17. Secondly, Defendant cannot attempt to stand in the HOA's shoes to challenge the HOA's duty to provide notice; that is not a dispute between Plaintiff and Defendant. Plaintiff's claims against the HOA were resolved through an Agreed Judgment, entered on April 15, 2019, in which the HOA, Fairmont Park East Homeowners'' Association admitted that neither Plaintiff nor its predecessor in interest were named in the HOA's judicial foreclosure lawsuit. (ECF No. 11.) That judgment was entered by the Court. (*Id.*).

18. Lastly, section 209.010 provides for notice required after foreclosure sale by an

HOA and section 209.011 provide conditions under a lienholder has the right to redeem the property after the foreclosure sale. Tex. Prop. Code §§ 209.010-11. Nowhere in the rules is it stated that a lienholder's lien is extinguished if the lienholder does not redeem the property pursuant to section 209.011, and Defendant fails to cite any authority to support its contention.

### PLAINTIFF'S SUBROGATION CLAIM REMAINS UNAFFECTED

19. Defendant attempts to challenge Plaintiff's subrogation claim by claiming that it should be limited to $68, 473.12. (ECF No. 50, pp. 9-10.) As Plaintiff discussed in its Reply, a contractually subrogated party is entitled to be reimbursed payments made to discharge the original liens and those allowed under the original purchase money loan, which includes escrow disbursements, attorneys' fees, and legal interest. (ECF No. 43, ¶ 15 (citing *NSEW Holdings LLC v. Wells Fargo Bank N.A.*, No. 4:15-cv-828, 2017 U.S. Dist. LEXIS 203450, 2017 WL 4510590, at *3 (E.D. Tex. June 12, 2017) (quoting *Vogel v. Glickman*, 117 F. Supp.2d 572, 577 (W.D. Tex. 2000)). Plaintiff provided legal authority and summary judgment evidence to support this claim and Defendant's mere statement that there's no evidence offered by Plaintiff to establish its claim is untrue and insufficient.

### PLAINTIFF DID NOT CLAIM THAT THE HOA SALE WAS VOID

20. Defendant asserts that Plaintiff incorrectly claims that the HOA sale as to Plaintiff was void. (ECF No. 50, p. 10.) Defendant fails to cite to a pleading filed by Plaintiff where Plaintiff asserted that the HOA sale was void. Plaintiff's claim is that the HOA sale was not binding on Plaintiff's lien. (ECF No. 12, pp. 5-9.) Therefore, subsequent arguments about void or voidable foreclosure sales, and elements of a wrongful foreclosure sale should not be considered by the Court as they are inapplicable and unrelated to Plaintiff's claim that Defendant took the Property subject to Plaintiff's lien, which remains uncontroverted. (*See* ECF No. 40, ¶ 38; ECF

No. 43, pp. 10-11.)

## PLAINTIFF DID NOT CLAIM THAT THE DECLARATION IS AMBIGUOUS

21. Defendant claims that Plaintiff asserts that the subject Declaration is ambiguous and subject to interpretation. (ECF No. 50, pp. 12-13.) This is also an incorrect representation of Plaintiff's contentions. Plaintiff dedicated several sections to explain why Defendant's interpretation of the Declaration is incorrect because the parties' intent is clear, even citing authority that states "an ambiguity does not arise simply because the parties advance conflicting interpretations of the contract." (ECF No. 43, pp. 3-8; ¶ 6.) Therefore, it is unclear how Defendant's assertion supports its claims or controverts Plaintiff's.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that its *Motion for Summary Judgment* be granted and that the Court enter a summary judgment as to Defendant Saihat Corporation, finding that Saihat's interest in the Property is junior to the Plaintiff, that Plaintiff may proceed with foreclosure on the Property, and that the Court award such other and further relief to which the Plaintiff may be justly entitled at law or in equity.

Respectfully submitted,

By: /s/ Samin Hessami
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**SAMIN HESSAMI**
Texas Bar No. 24100109
shessami@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
214-635-2650 (Phone)
214-635-2686 (Fax)
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2020, a true and correct copy of the foregoing was served via e-service on the following counsel of record:

Jerry L. Schutza
815 Walker Street, Suite 1453
Houston, Texas 77002

>    */s/ Samin Hessami* \_\_\_
>    **SAMIN HESSAMI**