IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR AMERIQUEST MORTGAGE SECURITIES INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R10, | § § § § § § | |
| *Plaintiff,* | § § | Civil Action No. 4:19-cv-00825 |
| VS. | § § | |
| SAIHAT CORPORATION AND FAIRMONT PARK EAST HOMEOWNERS' ASSOCIATION, | § § § § | |
| *Defendants.* | § § | |

## DEFENDANTS RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

Saihat Corporation ("Saihat") Defendant files its Response to the Courts order to show cause:

### NATURE OF RESPONSE

1.    Saihat has attended mediation and has mediated and acted at all times in this case in good faith.

### ARGUMENTS

#### Saihat has mediated in good faith

2.    This case was mediated by the parties on June 3, 2020. The mediator who was chosen by the mutual agreement of both Plaintiff and Saihat was the Honorable John Coselli, the former Judge of the 125th District Court of Harris County, Texas. Attending the mediation on behalf of Saihat was Dr. Nanik Bhagia, Saihat's corporate representative and Jerry Schutza as counsel for Saihat.    Dr. Bhagia is a retired petroleum engineer who has a doctorate degree in petroleum

engineering. Dr. Bhagia has worked throughout the world as a petroleum engineer and was also previously an instructor of petroleum engineering at Texas A&M University. Attending the mediation on behalf of Plaintiff was its corporate representative and Samin Hessami, as counsel for Plaintiff.

3.      The mediation was conducted by Zoom and, including conferences with Judge Coselli before and after, the mediation lasted for approximately six (6) hours.

4.      The issues in this case involve, in general, which party has the superior interest in a residential tract of real property. The specific issue is whether the deed of trust lien held by Plaintiff was cut off and extinguished by the foreclosure of the homeowners associations lien.

5.      Because, at the present time, Plaintiff's interest in the property is as a lienholder, any settlement discussions involved discussions of what amount of payment the plaintiff would accept for a release of its lien. It is not disputed that Saihat is the present owner of the property.

6.      Ever since this case was commenced, Saihat has attempted resolve the dispute by settlement.   Prior to the mediation, and after some initial discovery, the parties had discussed settlement. Saihat had also made a settlement offer prior to mediation. After the commencement of the mediation Saihat made the initial settlement offer, which included a substantial payment to Plaintiff which according to Saihat's calculations, was in excess of the principal balance which would have been owed on the note to Plaintiff.

7.      In response to Saihat's settlement offer, the Plaintiff made no counteroffer and in fact made no settlement offer. Plaintiff's position was that it was owed the entire principal sum, plus interest, expenses and attorneys fees and during the entire mediation Plaintiff never made any offer

2

of less than payment of the full payment. Plaintiff certainly has the right to take this position, but it did not promote any settlement discussions.

8.    Despite Judge Cosellis encouragement to make a compromise offer, Plaintiff made no counteroffer to Saihat's settlement offer.

9.    The case did not settle at the mediation because, according to Saihat's position, the Plaintiff refused to make any offer of compromise.

10.    Despite the fact that there was going to be no settlement at mediation, Judge Coselli did not declare an impasse but only declared a recess of the mediation session. At Judge Cosellis encouragement, he was able to obtain from Plaintiff a possible offer from Plaintiff in which Plaintiff might consider the acceptance of a lesser amount as a compromise. This possible offer was not a firm offer but was only a discussion that the Bank might consider that if Saihat would reconsider and make a new settlement offer which was approximately 20% over its previous offer. Another request made by Plaintiff before it would consider any other offer was for Saihat to provide proof of financial ability to pay this new offer in cash. Only if Saihat could provide either proof of a source of funds or a letter from a financial institution would Plaintiff consider any offer. There was no guarantee that Plaintiff would accept this new requested offer.

11.    This potential offer was substantially more than Saihat was willing to pay at the mediation. If Saihat was going to consider this possible offer, then Saihat would need to perform some additional due diligence and make an additional investigation on the fair market value of the

property especially as it may have been affected by the recent pandemic and oil crises. This investigation would take some time and would require a review of comparable area sales. The property which is involved is located in La Porte which has been especially hard hit by the recent crises.

12.     The mediation was then recessed as stated above. At that time the only settlement offer which was made during the mediation was made by Saihat. No firm settlement offer or counteroffer was made by Plaintiff.

13.     At that point Saihat was to make a further investigation as to recent property values as may have been affected by the pandemic and by the decrease in oil prices. Saihat also would be require to obtain a letter from its bank.

14.     As stated above, the property which is involved in this case is located in La Porte which area has been especially adversely affected by the recent events.

15.     In order to complete the required due diligence and investigation, it would be necessary for Dr. Bhagia to obtain and review comparable sales and to travel to the property to both inspect that property and other comparable property sales in the area.

16.     Dr. Bhagia is presently eighty two (82) years of age and is a high risk candidate for the COVID virus. He is presently under the care of a physician who has advised him not to leave his residence.

17.     It took a short period of time to be able to obtain and review the comparable sales and set up the necessary safeguards to protect Dr. Bhagia which would allow him to inspect the property and the comparable sales in a safe manner.

4

18.	With the assistance of his physician these actions were taken and after this investigation Dr. Bhagia determined that, due to the affect of the pandemic and the decrease in oil prices, the fair market value of the property had decreased and that in his opinion the fair market value of the property was less than the possible settlement offer which had been suggested.

19.	Because of these actions, and for business and financial reasons Saihat decided not to make the increased settlement offer as had been suggested by Judge Coselli.

20.	The prior settlement offer which had been made at mediation was and is still open for settlement.  Saihat believes that this offer is a fair offer under the present circumstances.

21.	All actions which were taken by Saihat were taken in an attempt to resolve this case. All actions subsequent to the mediation were taken to evaluate and consider a possible new settlement offer which Saihat decided, for financial reasons, not to make.

22.	During these times there was an open line of communication between Saihat's counsel and Plaintiff's attorney.

23.	All actions taken in this case were taken in good faith.

24.	In light of the foregoing Saihat has acted in good faith in attending the mediation and in all of its actions subsequent to the mediation.  Saihat's good faith participation can be confirmed by Judge Coselli.

25.	In fact, during this process Saihat has made the only settlement offer which was rejected by the Plaintiff and to which the Plaintiff has made no counteroffer.

**All actions taken by Saihat have been in good faith**

26.	Saihat has not taken any action in this case in bad faith.

5

27.     There has been no intentional violation of this courts procedures.  Any possible violation of this court's procedures was certainly not intentional.

28.     Any actions taken at or subsequent mediation were taken in an attempt to settle the case and pleadings which were filed were in an attempt to respond to the matters which were at issue in this case.

29.     In support of this Response, Saihat has submitted and attached the Affidavit of Jerry L. Schutza.

Respectfully submitted,

By: _____ /s/ Jerry L. Schutza _____
        Jerry L. Schutza
        Texas State Bar No. 17853800
        815 Walker Street, Suite 1453
        Houston, Texas  77002
        (713) 963-9988
        (713) 963-0085 (Fax)
        schutzalaw@yahoo.com

**ATTORNEY FOR DEFENDANT SAIHAT CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Affidavit was sent to opposing counsel and all parties of interest via electronic service on July 31, 2020.

**Via Electronic Service**

Mark Cronenwett

_____ /s/ Jerry L. Schutza _____
        Jerry L. Schutza

6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DEUTSCHE BANK NATIONAL TRUST          §
COMPANY, AS TRUSTEE FOR               §
AMERIQUEST MORTGAGE SECURITIES        §
INC., ASSET-BACKED PASS-THROUGH       §
CERTIFICATES, SERIES 2004-R10,        §
                                      §
     *Plaintiff,*                      §         Civil Action No. 4:19-cv-00825
                                      §
VS.                                   §
                                      §
SAIHAT CORPORATION AND                §
FAIRMONT PARK EAST                    §
HOMEOWNERS' ASSOCIATION,              §
                                      §
     *Defendants.*                     §

## **AFFIDAVIT**

BEFORE ME, the undersigned authority, Notary Public in and for Harris County, Texas on this day personally appeared Jerry L. Schutza, known to me to be the person whose name is subscribed to the following instrument, and having been duly sworn, upon oath did depose and say as follows:

My name is Jerry L. Schutza. I am over twenty-one (21) years of age and am competent to give this Affidavit. I have personal knowledge of every statement which is contained in this Affidavit because I was involved in the events which are described. All statements are true and correct.

I am an attorney at law duly licensed to practice in all courts of the State of Texas since November 1, 1976. I was board certified in the area of Civil Trial Law by the Texas Board of Legal Specialization from 1988 to 1998. I am actively engaged in the practice of law and have represented

clients involved in litigation since 1976.  I am also licensed in the United States District Court For the Southern District of Texas, the Fifth Circuit Court of Appeals, and the United States Supreme Court.  A copy of my current CV is attached.

I am the attorney of record for the Defendant Saihat Corporation ("Saihat") in this case.

I further deny that either I or my client have failed to mediate in good faith or that either I or my client have acted in less than good faith in any matter in this case.

This case was mediated by the parties on June 3, 2020.  The mediator who was chosen by the mutual agreement of both Plaintiff and Saihat was the Honorable John Coselli, the former Judge of the 125th District Court of Harris County, Texas.  Attending the mediation on behalf of Saihat was Dr. Nanik Bhagia, Saihat's corporate representative and myself as counsel for Saihat.  Dr. Bhagia is a retired petroleum engineer who has a doctorate degree in petroleum engineering.  Dr. Bhagia has worked throughout the world as a petroleum engineer and was also previously an instructor of petroleum engineering at Texas A&M University.  Attending the mediation on behalf of Plaintiff was its corporate representative and Samin Hessami, as counsel for Plaintiff.

The mediation was conducted by Zoom and, including conferences with Judge Coselli before and after, the mediation lasted for approximately six (6) hours.

The issues in this case involve, in general, which party has the superior interest in a residential tract of real property.  The specific issue is whether the deed of trust lien held by Plaintiff was cut off and extinguished by the foreclosure of the homeowners associations lien.

Because, at the present time, Plaintiff's interest in the property is as a lienholder, any settlement discussions involved discussions of what amount of payment the plaintiff would accept for a release of its lien.  It is not disputed that Saihat is the present owner of the property.

Ever since this case was commenced, Saihat has attempted resolve the dispute by settlement. Prior to the mediation, and after some initial discovery, the parties had discussed settlement. Saihat had also made a settlement offer prior to mediation. After the commencement of the mediation Saihat made the initial settlement offer, which included a substantial payment to Plaintiff which according to Saihat's calculations, was in excess of the principal balance which would have been owed on the note to Plaintiff.

In response to Saihat's settlement offer, the Plaintiff made no counteroffer and in fact made no settlement offer. Plaintiff's position was that it was owed the entire principal sum, plus interest, expenses and attorneys fees and during the entire mediation Plaintiff never made any offer of less than payment of the full amount. Plaintiff certainly has the right to take this position, but it did not promote any settlement discussions.

Despite Judge Cosellis encouragement to make a compromise offer, Plaintiff made no counteroffer to Saihat's settlement offer.

The case did not settle at the mediation because, according to Saihat's position, the Plaintiff refused to make any offer of compromise.

Despite the fact that there was going to be no settlement at mediation, Judge Coselli did not declare an impasse but only declared a recess of the mediation session. At Judge Coselli's encouragement, he was able to obtain from Plaintiff a possible offer from Plaintiff in which Plaintiff might consider the acceptance of a lesser amount as a compromise. This possible offer was not a firm offer but was only a discussion that the Bank might consider that if Saihat would reconsider and make a new settlement offer which was approximately 20% over its previous offer. Another request made by Plaintiff before it would consider any other offer was for Saihat to provide proof of

3

financial ability to pay this new offer in cash. Only if Saihat could provide either proof of a source of funds or a letter from a financial institution would Plaintiff consider any offer. There was no guarantee that Plaintiff would accept this new requested offer.

This potential offer was substantially more than Saihat was willing to pay at the mediation. If Saihat was going to consider this possible offer, then Saihat would need to perform some additional due diligence and make an additional investigation on the fair market value of the property especially as it may have been affected by the recent pandemic and oil crises. This investigation would take some time and would require a review of comparable area sales. The property which is involved is located in La Porte which has been especially hard hit by the recent crises.

The mediation was then recessed as stated above. At that time the only settlement offer which was made during the mediation was made by Saihat. No settlement offer or counteroffer was made by Plaintiff.

At that point Saihat was to make a further investigation as to recent property values as may have been affected by the pandemic and by the decrease in oil prices.

As stated above, the property which is involved in this case is located in La Porte which area has been especially adversely affected by the recent events.

In order to complete the required due diligence and investigation, it would be necessary for Dr. Bhagia to obtain and review comparable sales and to travel to the property to both inspect that property and other comparable property sales in the area.

Dr. Bhagia is presently eighty two (82) years of age and is a high risk candidate for the COVID virus. He is presently under the care of a physician who has advised him not to leave his residence.

4

It took a short period of time to be able to obtain and review the comparable sales and set up the necessary safeguards to protect Dr. Bhagia which would allow him to inspect the property and the comparable sales in a safe manner.

With the assistance of his physician these actions were taken and after this investigation Dr. Bhagia determined that, due to the affect of the pandemic and the decrease in oil prices, the fair market value of the property had decreased and that in his opinion the fair market value of the property was less than the possible settlement offer which had been suggested.

Because of these actions, and for business and financial reasons Saihat decided not to make the increased settlement offer as had been suggested by Judge Coselli.

The prior settlement offer which had been made at mediation was still open for settlement.

All actions which were taken by Saihat were taken in an attempt to resolve this case.  All actions subsequent to the mediation were taken to evaluate and consider a possible new settlement offer which Saihat decided, for financial reasons, not to make.

During these times there was an open line of communication between myself and Plaintiff's attorney.

All actions taken in this case were taken in good faith.

In light of the foregoing Saihat has acted in good faith in attending the mediation and in all of its actions subsequent to the mediation.  Saihat's good faith participation can be confirmed by Judge Coselli.

In fact, during this process Saihat has made the only settlement offer which was rejected by the Plaintiff and to which the Plaintiff has made no counteroffer.

There has been no intentional violation of this court's procedures.  Any possible violations of this court's procedure was certainly not intentional.

Any actions taken at or subsequent to mediation were taken in an attempt to settle the case. Any and all pleadings which were filed were in an attempt to respond to the matters which were at issue in this case.

SIGNED on _____*7- 31*_____, 2020.

_____
Jerry L. Schutza

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, by the said Jerry L. Schutza to certify which witness, my hand and seal of office, on this the *31* day of _____*July*_____, 2020.

JOHN G. GASTON
My Notary ID # 5003854
Expires May 18, 2024

_____
Notary Public, State of Texas

6

## JERRY L. SCHUTZA
815 Walker Street, Suite 1453
Houston, Texas 77002
(713) 963-9988
(713) 963-0085 (fax)
schutzalaw@yahoo.com

**EDUCATION:**

Juris Doctor, 1976, Southern Methodist University
Bachelor of Science, 1973, University of Texas

**LEGAL EXPERIENCE:**

Law Offices of Jerry L. Schutza, 1989 to present

Axelrod, Smith, Komiss and Kirschbaum, 1985-1988
Partner in charge of civil litigation and bankruptcy

Parks and Moss, 1976 - 1985
Partner, litigation

**TRIAL EXPERIENCE:**

Trial experience includes over 200 jury and non-jury trials as lead counsel
in State District and County Courts, in Harris County, all adjacent
counties, and in all major metropolitan counties in Texas; Federal Court
experience includes jury and non-jury trials and appearances in the
Southern, Northern, Eastern and Western Districts of Texas; the Eastern
District of New York and the Southern District of California; Experience
includes representation of both plaintiffs and defendants and involves the
representation of individuals as well as public corporations; Subjects
litigated range from complex to simple litigation.

**APPELLATE EXPERIENCE:**

Appellate experience includes appeals in the Houston, Austin, Dallas, San
Antonio and Waco Courts of Appeals and the Texas Supreme Court;
Federal Appeals include appearances in the United States Court of Appeals
for the Fifth Circuit in New Orleans, Louisiana and in the Second Circuit
in New York, New York.

**RECENT REPORTED CASES:**

*Chicago Title Ins. Co. v. Cochran Investments, Inc.,* _____ S.W.3d _____, 18-0676 (Tex. 2020).

*AIC Management v. Crews,* 246 S.W.3d 640 (Tex. 2008).

*Interfirst Bank San Felipe, N.A. v. Paz Const.,* 715 S.W.2d 640 (Tex. 1986).

*Smith v. Saihat Corp.,* 14-14-00185-CV (Tex. App.–Houston [14th Dist.] 2015, no pet.).

*Sturm v. Muens,* 224 S.W.3d 758 (Tex. App.–758 (Tex. App. Houston, [14th Dist.] 2007, no pet).

**LICENSES:**

Texas - all courts, licensed November 1, 1976
United States Supreme Court
United States Court of Appeals, Fifth Circuit
United States District Court, Southern District of Texas

**CERTIFICATIONS:**

Board Certified Civil Trial Law
Texas Board of Legal Specialization
1988-1998
Certified Mediator

**PUBLIC SERVICE:**

University of Texas, College of Fine Arts, Advisory Counsel
University of Texas former Presidential Associate
University of Texas, Member of the Doty Society

Former Board of Directors, Ft. Bend Utility District No. 167
Way Station, service to the homeless, Palmer Memorial Episcopal Church
Habitat for Humanity

**PERSONAL:**

Married to Marguerite Schutza, 45 years
Two children, ages 38 and 33
Attend Palmer Memorial Episcopal Church