United States District Court
Southern District of Texas
**ENTERED**
December 01, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, | § § § | CIVIL ACTION NO. 4:19-cv-00825 |
| Plaintiff, | § § § | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| SAIHAT CORPORATION, *et al*, Defendants. | § § § § | |

**MEMORANDUM AND OPINION GRANTING MOTION FOR SUMMARY JUDGMENT**

The motion for summary judgment by Plaintiff Deutsche Bank National Trust Company is granted. Dkt 40.

1. Background

This controversy concerns the superior interest in a residential property that's part of a homeowners' association in La Porte, Texas.

Prior owners conveyed the subject property to Bryan Daniel by warranty deed in July 1998. Dkt 40-1 at 101–03. As security for the purchase, Daniel executed a deed of trust for $66,300 and a purchase money deed of trust for $7,800, both in favor of Equity Secured Instruments, Inc. Id at 105–15, 117–27. ESI recorded the mortgages in the real property records of Harris County in July 1998. Dkt 40 at ¶ 21. In subsequent transactions, ESI assigned the mortgages to Green Tree Financial Servicing Corporation and Manufacturers & Traders Trust Company. Dkt 40-1 at 129–31.

Bryan and Martha Daniel obtained a home equity loan in August 2004 from Ameriquest Mortgage Company in the

amount of $82,500. Id at 9–13. The Daniels also executed a security instrument, granting Ameriquest a deed of trust in the property. Id at 15–34. This was recorded later that month. Id at 15. This security instrument included a power of sale in the event of a need to enforce rights. Id at 27. And Deutsche Bank is trustee for Ameriquest. Id at 40–41.

The Daniels paid off the two prior loans after executing the home equity loan. Green Tree and Manufacturers & Traders released their liens in August and October of 2004. Id at 133, 135. These releases were recorded in the Harris County records. Dkt 40 at ¶ 24.

Ameriquest assigned its deed of trust to Deutsche Bank in September 2008. Deutsche Bank then assigned to American Home Mortgage Servicing, Inc, who subsequently reassigned back to Deutsche Bank. Dkt 40-1 at 3–4, 40–41, 43–45. No conveyances occurred after this point. This means that Deutsche Bank is the current holder of the note and the beneficiary of the security instrument.

The property at issue is part of the Fairmont Park East Homeowners' Association and is subject to the deeds and covenants of that association. A "Declaration of Covenants, Conditions and Restrictions" governs the HOA. See id at 137–161. The HOA requires homeowners like the Daniels to pay assessment fees. To ensure that homeowners pay their fees, the HOA reserved a vendor's lien on each property with the attendant right to enforce the lien through a foreclosure sale. Id at 153–57.

The HOA's governing document also contains a section titled, "Subordination of the Lien to Mortgages." Id at 156. It provides that the vendor's lien "shall be secondary, subordinate and inferior to all liens, present and future given, granted and created by or at the instance and request of the Declarant and the Owner of any such Lot . . . ." The same section also requires the HOA to give "the holder of such first mortgage lien sixty (60) days written notice of such proposed action" if the HOA wants to foreclose on a property for failure to pay assessment fees. Ibid.

The Daniels defaulted on their payment obligations under the HOA agreement. The HOA filed a judicial foreclosure action

against them in the 157th Judicial District Court of Harris County, Texas. Dkt 40 at ¶ 28. The HOA didn't join Deutsche Bank or any of its predecessors in interest to the foreclosure action. Ibid. It also didn't provide Deutsche Bank or its predecessors notice of the foreclosure. Dkt 43 at ¶ 18. The HOA obtained a default judgment and held a constable's sale in May 2018. Dkt 40 at ¶¶ 28–29. Defendant Saihat Corporation bought the property for $30,500. Id at ¶ 29; see also Dkt 40-1 at 163–65.

Deutsche Bank now seeks to foreclose the property because of the Daniels' default. Dkt 40 at ¶ 30. It first argues that the Daniels defaulted by their failure to make mortgage payments. Id at ¶ 31. It also argues that the sale to Saihat triggered the acceleration provision in the mortgage. Id at ¶¶ 32–34. It concludes that the Daniels are in default because they failed to make any payments after that point. Id at ¶ 34; see also Dkt 40-1 at 62–66, 87–88. Deutsche Bank sued Saihat because Saihat acquired the property from the HOA's foreclosure sale and now claims that its purchase granted it sole ownership of the property. See Dkt 40 at ¶ 29. Deutsche Bank contends to the contrary that as the holder of the security instrument, it is entitled to foreclose the property as the mortgagee. Id at ¶ 60.

Deutsche Bank maintains that the total payoff is $110,832.40. Dkt 40 at ¶ 34; see also Dkt 40-1 at 99. Deutsche Bank filed its original complaint in March 2019 and has since resolved the matter with respect to all parties except Saihat. Dkt 40 at ¶¶ 1–4. It moved for summary judgment, requesting a declaratory judgment to quiet title as to the competing property interests and an order of foreclosure in its favor.

2. Legal standard

Rule 56(a) of the Federal Rules of Civil Procedures requires a reviewing court to grant a motion for summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is *material* if it "might affect the outcome of the suit under the governing law . . . ." *Anderson v Liberty Lobby, Inc*, 477 US 242, 248 (1986); see also *Smith v Harris County, Texas*, 956 F3d 311, 316 (2010). And a dispute is *genuine* if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

3

*Anderson*, 477 US at 248. The function of the trial court at the summary judgment stage isn't to weigh the evidence and determine the truth of the matter, but rather, "to determine whether there is a genuine issue for trial." Id at 249; see also *Smith*, 956 F3d at 316; *Conversion Properties LLC v Kessler*, 994 SW2d 810, 813 (Tex App—Dallas 1999, pet ref'd) (affirming summary judgment in lien seniority dispute).

Disputed factual issues must be resolved in favor of the non-moving party. *Little v Liquid Air Corp*, 37 F3d 1069, 1075 (5th Cir 1994). The movant bears the initial burden of proof, which it can satisfy by "identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp v Catrett*, 477 US 317, 323 (1986) (quotation marks omitted). If the movant meets this burden, then "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little*, 37 F3d at 1075; see also *Celotex*, 477 US at 325. "This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F3d at 1075 (quotation marks and citations omitted). But if facts specifically alleged by the nonmovant "contradict facts specifically averred by the movant, the motion must be denied." *Lujan v National Wildlife Federation*, 497 US 871, 888 (1990).

### 3. Analysis

To foreclose in Texas on a property subject to a security instrument with a power of sale, the plaintiff must show that:

- *First*, a debt exists;
- *Second*, the debt is secured by a lien created under Texas law;
- *Third*, the borrower is in default; and
- *Fourth*, the borrower has been properly served with notice of default and acceleration.

*Singleton v United States Bank National Association*, 2016 WL 1611378, *7 (ND Tex), citing *Huston v United States Bank National*

4

*Association*, 988 F Supp 2d 732, 740 (SD Tex 2013), aff'd, 583 F Appx 306 (5th Cir 2014); Texas Property code § 51.002.

Deutsche Bank clearly meets these elements. There is a debt. Dkt 40-1 at 9–13. It is secured by a lien. Id at 15–34. The loan is in default. Id at 5–6, 47–58, 99. And Deutsche Bank complied with all relevant procedural requirements. Dkt 40 at ¶¶ 53–56 (collecting record citations).

None of these facts are in dispute. The dispositive question is whether the Deutsche Bank lien survived the HOA's foreclosure sale. If it did, Deutsche Bank can foreclose on the property. For example, see *EverBank, NA, v Seedergy Ventures, Inc*, 499 SW3d 534, 544 (Tex App—Houston [14th Dist] 2016, no pet) (holding that owner of security instrument is entitled to foreclose on it).

The parties dispute which lien is senior. Deutsche Bank asserts a number of independent reasons why its lien is superior—including textual language, long-standing practice under the property and common law of Texas, and common sense. See generally Dkt 40. But that dispute is immaterial. Even if the HOA's lien was senior, Texas law still requires that a senior lienholder must join all junior lienholders to the proceedings when seeking to foreclose on a property. Failure to do so invariably results in the junior lien surviving the foreclosure. *McDonald v Miller*, 39 SW 89, 94 (Tex 1897); *National Loan & Investment Co v LW Pelphrey & Co*, 39 SW2d 926, 928 (Tex App—Eastland 1931, no writ) (citing cases). Perhaps this is why—for all of its expedient arguments seeking to deprive Deutsche Bank of its interest—Saihat fails entirely to respond to this argument. Compare Dkt 43 at ¶¶ 17–19, with Dkt 44.

Also pertinent here is Texas statutory law. Section 209.0091 of the Texas Property Code requires HOAs to "provide[ ] written notice of the total amount of the delinquency giving rise to the foreclosure to any other holder of a lien of record on the property whose lien is inferior or subordinate to the HOA's lien and is evidence by a deed of trust." See generally *DTND Sierra Investments LLV v CitiMortgage, Inc*, 2012 WL 1711738, *7 n 4 (WD Tex) (describing legislative history and confirming intent to provide notice to junior lienholders in HOA foreclosure action).

5

Indeed, even the subordination section of the HOA agreement here requires the HOA to give "the holder of such first mortgage lien sixty (60) days written notice of such proposed action" if the HOA wants to foreclose on a property for failure to pay assessment fees. Dkt 40-1 at 156.

It is undisputed that Fairmont Park East Homeowners' Association didn't join Deutsche Bank to its foreclosure. Dkt 43 at ¶ 18; Dkt 40-1 at 163–65. And there is no evidence that it gave Deutsche Bank notice pursuant to Texas Property Code § 209.0091. See Dkt 43 at ¶ 18. The HOA's failure to join or give notice to Deutsche Bank during the foreclosure means that the Deutsche Bank lien survived. Other district courts have decided the same on very similar facts. For example, in *Costello v US Bank Trust, NA*, Chief Judge Lee Rosenthal held, "Even if the lien secured by the home equity deed was the junior lien, foreclosure on a senior lien does not extinguish the junior lien when the junior lienholder is not a party to the foreclosure action." 2016 WL 5871459, *4 (SD Tex).

The Deutsche Bank lien survives as a matter of law. Deutsche Bank is thus entitled to foreclose the property as against Saihat. This ruling fully establishes the rights of Deutsche Bank in this case. Its further arguments needn't be addressed.

4. Conclusion

The motion by Deutsche Bank for summary judgment is GRANTED. Dkt 40.

Deutsche Bank must submit a proposed form of final judgment within forty-five days of entry of this Order or by a later date as requested in good faith.

SO ORDERED.

Signed on November 30, 2020, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge